UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br><br>ROBBY H. ROSS,<br><br>  Defendant.<br>_____ | No. CR 01-40145 CW<br><br>REPORT AND RECOMMENDATION REGARDING DEFENDANT'S ADMISSION OF VIOLATIONS OF THE TERMS AND CONDITIONS OF HIS SUPERVISED RELEASE OR PROBATION |

The magistrate court recommends to the district court that it accept the defendant Robby H. Ross's admissions to certain violations of the terms and conditions of his supervision as charged in the petition filed on March 10, 2010.  Specifically, on July 6, 2010, the defendant admitted charges two and three as follows:

**Charge 2:  Violation of General Condition to Obey All Laws**

The defendant admitted the charge, admitting specifically that on or about February 11, 2010, he violated California Health and Safety Code §11351, Possession of Marijuana for Sale (a felony) and California Health and Safety Code §11357(a), Possession of More Than 28.5 grams of Marijuana (a felony), by possessing for sale four bags of marijuana with a total weight of 115.35 grams.

**Charge 3:  Violation of General Condition to Obey All Laws**

The defendant admitted the charge, admitting specifically that on or about February 11, 2010, he violated California Health and Safety Code §11351.5, Possession of Cocaine for Sale (a  felony) and California Health and Safety Code §11351, Possession of Controlled Substance for Sale (a felony) by possessing for sale three separate bags of cocaine that weighed, respectively, 12.93 grams, 31.18 grams, and 14.69 grams.

REPORT AND RECOMMENDATION
CR 01-40145 CW

Two additional facts are important.  First, Charge Three mentioned "Possession of Cocaine Base for Sale" in line one, but in the paragraph alleging the specific amounts, referred only to cocaine.  This apparently is a discrepancy in the police report.  The admission here (with the agreement of the government and the probation department) was to cocaine only, not cocaine base.  Second, the parties agreed that the Probation Officer at sentencing would withdraw the other charges pending in the Petition and that all parties (government, defense, and probation) would recommend the following sentence:  18 months' custody followed by 18 months' supervision.   The parties and Ross acknowledged specifically that they understood that this was a sentencing recommendation not binding on the district court.

The magistrate court also makes the following findings:

1.  On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to admit the violations in district court and instead consented to admit the violations in a hearing in magistrate court.  Specifically, the magistrate court advised him that he had a right to admit the violations in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, he could waive that right and consent to admit the violations in a hearing in magistrate court.  The magistrate court also advised him that it would issue a written report recommending that the district court accept the admissions, that the district court would review the recommendation and decide whether to accept the admissions, and that the district court and not the magistrate court would sentence him.  The magistrate court also advised him of the procedures (also set forth at the end of this order) for challenging the magistrate court's recommendation.  The defendant then waived his right to proceed in district court and consented to the magistrate court's conducting the hearing regarding the admission of the supervised release violations.

2.  The magistrate court then reviewed, and the defendant acknowledged that he understood, the following: (a) the nature of the charge and the maximum penalty he faced; (b) his rights under Federal Rule of Criminal Procedure 32.1(b)(2); (c) the district court, not the magistrate court, would conduct the sentencing; and (d) the parties' sentencing agreement was not binding on the district court.

3.  After the advisements set forth in Rule 32.1(b)(2) and summarized here, the defendant

REPORT AND RECOMMENDATION
CR 01-40145 CW                                                                        2

1 waived his right to a Rule 32.1(b)(2) hearing and admitted the charges summarized above.  The
2 magistrate court found that he was fully competent and capable of admitting the charges in the
3 petition, that he was aware of the nature of the charges and the consequences of admitting them, and
4 that his admission and waiver of rights were knowing and voluntary.  This court thus recommends to
5 the district court that it accept the defendant's admissions.

6     4. Any party may serve and file specific written objections within fourteen days after being
7 served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file
8 objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).

9     5. At the parties' request, this court set the matter for further proceedings before the district
10 court on Wednesday, July 14, 2010, at 2:00 p.m.

11     IT IS SO RECOMMENDED.

12 Dated:  July 7, 2010

    _____
    LAUREL BEELER
13     United States Magistrate Judge

REPORT AND RECOMMENDATION
CR 01-40145 CW     3